IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE ANDREW REED, | No. 2:20-CV-0512-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| C. NELSON, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's original complaint. Plaintiff was an inmate at Folsom State Prison during the times alleged in the complaint. Plaintiff names the following Defendants: (1) C. Nelson, Officer; (2) Rick M. Hill, Warden; (3) T. R. Kauffman, Health Care Lieutenant; and (4) Medical Staff at Folsom State Prison. See ECF No. 1, pg. 3. Plaintiff brings three claims generally alleging that Defendants deprived him of his right to safety and security, in violation of the Eighth Amendment.

In Claim I, Plaintiff alleges that Officer Nelson violated his Eighth Amendment right to safety and security by ignoring his medical restriction and requiring him to carry his property up a flight of stairs. According to Plaintiff, he underwent major back surgery in 2011 and, accordingly, is under medical restrictions relating to certain movements, including lifting heavy objects. When Plaintiff told Officer Nelson of his condition, Nelson said, "fuck that you are carrying your own shit," and gave Plaintiff a dolly. Id. at 4. Plaintiff claims that as a result of Officer Nelson's "negligence," he fell down several stairs and suffered severe pain. Id.

In Claim II, Plaintiff alleges that Warden Hill failed to provide reasonable accommodations for Americans with Disabilities Act (ADA) inmates, evidenced by a lack of safety regulations and inadequate training of the officers. Plaintiff claims that he has a disability resulting from back surgery and is entitled to accommodations as a federally secured right under the ADA. Plaintiff also claims that he has suffered emotional harm and discrimination in addition to the physical injury of falling down the stairs. See id. at 5.

///

///

In Claim III, Plaintiff claims that Lieutenant Kauffman and unknown medical staff are responsible for the falsification of his medical documents resulting in the removal of a "do not move" ADA notice from his file. See id. at 6.

## II.  DISCUSSION

The Court finds that Plaintiff has made a valid Eighth Amendment claim against Defendant Nelson for deliberate indifference. On the claim for deprivation of ADA accommodations, Plaintiff can successfully raise the issue of Warden Hill's supervisor liability but has failed to allege all the elements of an ADA claim. Plaintiff's claim for falsification of medical records against Kauffman is wholly defective and not recognized by the Court. Plaintiff will be given leave to amend to cure the defects identified below.

### A.  **Eighth Amendment Claim**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

///

///

Under these principles, prison officials have a duty to take reasonable steps to protect inmates from physical abuse. See Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982); Farmer, 511 U.S. at 833. Liability exists only when two requirements are met: (1) objectively, the prisoner was incarcerated under conditions presenting a substantial risk of serious harm; and (2) subjectively, prison officials knew of and disregarded the risk. See Farmer, 511 U.S. at 837. The very obviousness of the risk may suffice to establish the knowledge element. See Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). Prison officials are not liable, however, if evidence is presented that they lacked knowledge of a safety risk. See Farmer, 511 U.S. at 844. The knowledge element does not require that the plaintiff prove that prison officials know for a certainty that the inmate's safety is in danger, but it requires proof of more than a mere suspicion of danger. See Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). Finally, the plaintiff must show that prison officials disregarded a risk. Thus, where prison officials actually knew of a substantial risk, they are not liable if they took reasonable steps to respond to the risk, even if harm ultimately was not averted. See Farmer, 511 U.S. at 844.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

Here, Plaintiff alleges that his injury is serious enough such that when faced with deliberate indifference, it gives rise to an Eighth Amendment claim. According to Plaintiff, his injury has a doctor's comment, significantly impacts his daily activities, and gives him chronic pain. Allegedly, when Nelson gave Plaintiff the dolly, he demonstrated an understanding of the task's difficulty and the need for a tool. When Nelson told Plaintiff "fuck that," he showed deliberate indifference to Plaintiff's need for assistance. Plaintiff has alleged that Nelson denied him a necessity to life and did so wantonly with the purpose of inflicting harm. The Court finds that Plaintiff sufficiently pleads the requirements of an Eighth Amendment claim against Defendant Nelson.

### B.  ADA Claim

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Supreme Court, in Pa. Dep't of Corr. V. Yeskey, 524 U.S. 206, 210, 118 (1998), held that Title II applies to state prisons. To state a claim under Title II of the ADA, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Simmons v. Navajo County, 609 F.3d 1011, 1021 (9th Cir. 2010).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government

5

officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). If a supervisor is aware of the need to train employees and fails to do so, liability may be appropriate. See Clement v. Gomez, 298 F.3d 898, 905 (2002). Where the need for training is obvious, and the inadequacy of training is likely to result in violations of a constitutional right, the policymaker can reasonably be said to have been deliberately indifferent to the need. Id. A supervisor may be directly liable when they have breached a duty to the plaintiff, and in doing so, deprived them of a federally secured right. See Redman, 942 F.2d at 1446.

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

In this case, Plaintiff has alleged that Warden Hill failed to implement policies providing appropriate ADA accommodations and failed to adequately train his employees on maintaining the safety of ADA inmates. Plaintiff asserts that because Hill accepted an ADA inmate into his facility, he should have been aware of a need to train his officers accordingly yet failed to do so. Construing the complaint liberally, Plaintiff has made a valid allegation of supervisor liability on the theory that the Warden's failure to enact a policy regarding ADA inmates amounts to a deficient policy. As such, Plaintiff has satisfied the threshold for pleading his theory of failure-to-train.

The claim, nonetheless, has two defects which give rise to leave to amend. First,

Plaintiff fails to specifically allege that the denial of accommodations is because of his disability and, thus, has not pleaded all the elements of an ADA claim. Second, Plaintiff can establish an alternative theory of supervisor liability by deliberate indifference if he can allege that Hill ignored an obvious need for training.

### C. Falsification of Medical Documents Claim

Here, Plaintiff has not stated a cognizable claim under § 1983. While alleging the falsification of medical records is relevant to a claim for deliberate indifference, there is no cognizable Eight Amendment claim solely for the falsification of medical records. Crisp v. Wasco State Prison, No. 1:13-cv-01899, 2015 U.S. Dist. LEXIS 71317, at *13 (E.D. Cal. June 2, 2015); Bartholomew v. Traquina, No. CIV S-10-3145, 2011 U.S. Dist. LEXIS 103574, at *8 (E.D. Cal. Sept. 13, 2011).

Plaintiff makes this claim against Lieutenant Kauffman alleging supervisor liability but fails to identify any specific conduct on the Lieutenant's part that makes him liable. Kauffman cannot be held liable on a theory of respondeat superior under § 1983. See supra Section II.B. Plaintiff's complaint fails to state a claim against Lieutenant Kauffman upon which relief can be granted.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how

7

1  each named defendant is involved, and must set forth some affirmative link or connection
2  between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
3  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
4       Because the complaint appears to otherwise state cognizable claims, if no amended
5  complaint is filed within the time allowed therefor, the Court will issue findings and
6  recommendations that the claims identified herein as defective be dismissed, as well as such
7  further orders as are necessary for service of process as to the cognizable claims.
8       Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended
9  complaint within 30 days of the date of service of this order.

11  Dated:  June 11, 2021

                                                _____
                                                DENNIS M. COTA
                                                UNITED STATES MAGISTRATE JUDGE