IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE ANDREW REED,<br><br>  Plaintiff,<br><br>  v.<br><br>C. NELSON, et al.,<br><br>  Defendants. | No. 2:20-CV-0512-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

On June 14, 2021, the Court issued an order addressing the sufficiency of Plaintiff's original complaint.  See ECF No. 10.  The Court summarized Plaintiff's allegations as follows:

> This action proceeds on Plaintiff's original complaint. Plaintiff was an inmate at Folsom State Prison during the times alleged in the complaint. Plaintiff names the following Defendants: (1) C. Nelson, Officer; (2) Rick M. Hill, Warden; (3) T. R. Kauffman, Health Care Lieutenant; and (4) Medical Staff at Folsom State Prison. See ECF No. 1, pg. 3. Plaintiff brings three claims generally alleging that Defendants deprived him of his right to safety and security, in violation of the Eighth Amendment.
> In Claim I, Plaintiff alleges that Officer Nelson violated his Eighth Amendment right to safety and security by ignoring his medical restriction and requiring him to carry his property up a flight of stairs. According to Plaintiff, he underwent major back surgery in 2011 and, accordingly, is under medical restrictions relating to certain movements, including lifting heavy objects. When Plaintiff told Officer Nelson of his condition, Nelson said, "fuck that you are carrying your own shit," and gave Plaintiff a dolly. Id. at 4. Plaintiff claims that as a result of Officer Nelson's "negligence," he fell down several stairs and suffered severe pain. Id.
> In Claim II, Plaintiff alleges that Warden Hill failed to provide reasonable accommodations for Americans with Disabilities Act (ADA) inmates, evidenced by a lack of safety regulations and inadequate training of the officers. Plaintiff claims that he has a disability resulting from back surgery and is entitled to accommodations as a federally secured right under the ADA. Plaintiff also claims that he has suffered emotional harm and discrimination in addition to the physical injury of falling down the stairs. See id. at 5.
> In Claim III, Plaintiff claims that Lieutenant Kauffman and unknown medical staff are responsible for the falsification of his medical documents resulting in the removal of a "do not move" ADA notice from his file. See id. at 6.

ECF No. 10, pgs. 2-3.

/ / /

/ / /

/ / /

The Court found Plaintiff states a cognizable Eighth Amendment deliberate indifference claim against Defendant Nelson. See id. at 3.  The Court otherwise found Plaintiff's claims defective and permitted Plaintiff an opportunity to amend. See id. at 3-8.  Plaintiff was cautioned that failure to file an amended complaint would result in findings and recommendations for dismissal of the defective claims and that the complaint would be ordered served as to Plaintiff's Eighth Amendment claim against Defendant Nelson. See id. at 8.  To date, Plaintiff has not filed an amended complaint and the Court now recommends dismissal of the defective claims for the reasons outlined in the Court's June 14, 2021, screening order.  By separate order, the Court will direct service on Defendant Nelson.

Based on the foregoing, the undersigned recommends that this action proceed on Plaintiff's original complaint on his Eighth Amendment deliberate indifference claim against Defendant Nelson and that all other defendants and claims be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 3, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE