1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**
9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11   LEE ANDREW REED,                        No.  2:20-CV-0512-DJC-DMC-P
12                    Plaintiff,
13        v.                                  ORDER
14   C. NELSON,
15                    Defendant.
16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.   Pending before the Court is Defendant's motion to compel discovery

19   responses.  See ECF No. 30.  Plaintiff has not filed an opposition.

20          The purpose of discovery is to "remove surprise from trial preparation so the

21   parties can obtain evidence necessary to evaluate and resolve their dispute." United States v.

22   Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule

23   26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery

24   permitted:

25          Parties may obtain discovery regarding any nonprivileged information that
             is relevant to any party's claim or defense and proportional to the needs of
26           the case, considering the importance of the issues at stake in the action, the
             amount in controversy, the parties' relative access to relevant information,
27           the parties' resources, the importance of the discovery in resolving the
             issues, and whether the burden or expense of the proposed discovery
28           outweighs its likely benefit. Information within this scope of discovery

                                            1

1   need not be admissible in evidence to be discoverable.

2   Fed. R. Civ. P. 26(b)(1).

3   Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery

4   may move for an order compelling an answer, designation, production, or inspection." Fed. R.

5   Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or

6   incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad

7   discretion to manage discovery and to control the course of litigation under Federal Rule of Civil

8   Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v.

9   Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

10   Under Rule 37, the party moving to compel bears the burden of informing the

11   court (1) which discovery requests are the subject of the motion to compel, (2) which of the

12   responses are disputed, (3) why the party believes the response is deficient, (4) why any

13   objections are not justified, and (5) why the information sought through discovery is relevant to

14   the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist.

15   LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-

16   5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27,

17   2008).  Rule 37 also requires the moving party to meet and confer with the opposing party.  See

18   Fed. R. Civ. P. 37(a)(1).

19   Here, Defendant served Plaintiff with interrogatories and requests for production

20   of documents on November 21, 2022.  See ECF No. 30, pgs. 8-24 (Exhibits A and B to Seuell

21   declaration).  Defendant asserts that Plaintiff has failed to serve any responses.  See id. at 3.

22   Given Plaintiff's failure to serve responses to Defendant's written discovery, the Court will grant

23   Defendant's motion to compel and order Plaintiff to serve responses, without objection.  See

24   Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (holding that

25   the failure to timely serve responses to discovery constitutes a waiver of any objections).  Except

26   for the discovery responses ordered here, discovery remains closed.  The Court will by this order

27   re-set the deadline to file dispositive motions.

28   / / /

2

1          Accordingly, IT IS HEREBY ORDERED as follows:

2          1.      Defendant's unopposed motion to compel, ECF No. 30, is granted.

3          2.      Plaintiff shall serve on Defendant responses to Defendant's interrogatories

4    and requests for production of documents, without objections, within 30 days of the date of this

5    order.

6          3.      Discovery remains closed except for the responses ordered here.

7          4.      The deadline to file dispositive motions is re-set to 90 days from the date of

8    this order.

9

10   Dated:  June 15, 2023

11                                                    _____
                                                      DENNIS M. COTA
12                                                    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28